## C. D. WOOD ELECTRIC CO., Inc., v. LEVITON MFG. CO.

### No. 7445.

District Court, E. D. New York.

June 3, 1935.

Mock & Blum, of New York City (Asher Blum, of New York City, of counsel), for plaintiff.

Gifford, Scull & Burgess, of New York City (George F. Scull and Charles W. Mortimer, both of New York City, of counsel), for defendant.

GALSTON, District Judge.

This suit involves the validity of letters patent No. 1,977,105, issued October 16, 1934, to C. D. Wood, on an application filed June 4, 1934. Infringement is conceded.

The invention relates to a lighting device. The claim of the patent reads: "A lighting device including a cup-shaped housing of translucent insulating material having a bottom wall and an integral and substantially cylindrical portion, a lamp socket within the substantially cylindrical portion mounted on said wall, a lamp in said socket, plug blades rigidly mounted on the outer sides of said wall and electrically connected to said socket, said lamp fitting closely within said cylindrical portion and having its filament located substantially entirely within the outer end of the substantially cylindrical portion, whereby a soft and diffused light is produced."

The defense raised is want of invention.

The objects of the invention as disclosed in the specification are such as would seem to be accomplished by most of the well-known incandescent lamps and sockets which one meets in ordinary domestic or commercial use, except that not all, of course, act as an emergency light.

As generally described, the device comprises a housing which can be made of any suitable insulating material such as porcelain or the like; or it may be made of one of the well-known phenol formaldehyde condensation products. The device is provided with plug blades. The housing substantially incloses the bulb containing the filament, and the specification says that thereby "a direct glaring light is substantially eliminated." The lamp fits closely within the housing in order to prevent the housing from acting as a reflector. It is claimed that a major portion of the light passes through the translucent wall of the housing so as to give a general soft and diffused light.

The plaintiff, anticipating the prior art which would be used, itself offered a group of prior art patents. Among these, reference to the following may be made:

The patent to Thomas, No. 1,285,840, discloses an attachment plug provided with a shaded pilot light. There is shown a one-piece insulating body. The device of the patent in suit differs from the Thomas device in the substitution of the translucent cover for the perforated metal cover of Thomas, and in making this shade integral with the base instead of in two pieces as shown in Thomas.

Shades about a lamp socket mounted on a plug-in base are not new, as is seen also in the patent to Benjamin, No. 1,639,-127. The invention of that patent is for a showcase lighting fixture, but differs from the patent in suit in that the shade does not envelope the light but is in part cut away in order to act as a reflecting surface to increase the illumination within the showcase.

The patent to Bonnella, No. 825,182, for an electric lamp fitting, shows an opal glass tube. The parts consist of a socket having an electrical wire connection, a holder adapted to fit in the socket and having means for current connection, and the opal glass casing. In this device, the shade completely envelopes the lamp. But whether the lamp of the patent in suit was to be completely inclosed was, with Wood, only a matter of preference, for he says: "The housing 10 substantially encloses the bulb 12, and it may completely enclose said bulb although I prefer to have a part of the bulb 12 projecting from said housing 10. By substantially enclosing the filament of the lamp in the casing, as shown in Fig. 1, a direct glaring light is substantially eliminated."

Hall patent, No. 1,842,167, also discloses an electric lamp in simulation of a lighted candle. The electric lamp is shaped in configuration of a candle, and is adapted to be used in the usual lamp socket. The inventor says that the tip of the inclosing glass envelope may be flame tinted, or given any other desired color.

Given then the Thomas device, and those shown in Bonnella and Hall, surely no invention was required to substitute for the metal shade of Thomas the glass shades of either Bonnella or Hall. Moreover, it is certainly fundamental in patent law that the substitution of two parts for one member does not constitute invention, unless a different function results. In the Wood device there is no such resulting function from the integration of the base and shade.

For these reasons, I think the patent is invalid and that the complaint should be dismissed.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.